Cantu v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-099-CR

ARMANDO CANTU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On February 3, 2004, appellant Armando Cantu pleaded guilty to possession of a controlled substance and was sentenced to two years' confinement.  On February 5, 2004, the trial court entered its Certification of Defendant’s Right of Appeal in accordance with Rule 25.2(a)(2).  
Tex. R. App.
 P
. 25.2(a)(2).  The certification states that this criminal case "is a plea-bargain case, and the defendant has NO right of appeal" and that “the defendant has waived the right of appeal.”  On March 2, 2004, appellant filed a notice of appeal.  On March 11, 2004, we notified appellant's counsel that the certification indicating his client had no right to appeal had been filed in this court and that this appeal could be dismissed unless appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
25.2(d), 44.3.  On March 24, 2004, we received a response from appellant’s counsel stating that the trial court’s certification correctly indicates that appellant pleaded guilty and that he waived his right to appeal. 

Rule 25.2(a)(2) limits the right of appeal in a plea bargain case to matters that were raised by written motion filed and ruled on before trial or to cases in which the appellant obtained the trial court’s permission to appeal.  
See 
Tex. R. App. P
. 25.2(a)(2).  The trial court’s certification denied permission to appeal, and appellant does not challenge a pretrial ruling on a written motion or the validity of his waiver of the right of appeal.  Accordingly, we dismiss this appeal. 

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b) 

DELIVERED: May 6, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.